﻿Citation Nr: AXXXXXXXX
Decision Date: 11/20/18 Archive Date: 11/19/18

DOCKET NO. 181022-649
DATE: November 20, 2018
ORDER
Entitlement to service connection for a bilateral hearing loss disability is denied.
FINDING OF FACT
The weight of the evidence is against finding that the Veteran’s current bilateral hearing loss is etiologically related to active service.
CONCLUSION OF LAW
The criteria for entitlement to service connection for a bilateral hearing loss disability have not been met. 38 U.S.C. §§ 1110, 5107 (b) (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385 (2018).
REASONS AND BASES FOR FINDING AND CONCLUSION
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 
The Veteran served honorably on active duty with the United States Navy from February 1975 to August 1977. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the October 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).
1. Entitlement to service connection for a bilateral hearing loss disability
The Veteran contends that he has bilateral hearing loss that is related to his active military service.
Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Service connection may also be granted for any disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303 (d).
Generally, in order to establish service connection, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical, or in certain circumstances, lay evidence of a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); Hickson v. West, 12 Vet. App. 247, 253 (1999); Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009).
Moreover, certain chronic diseases are subject to a grant of service connection on a presumptive basis when present to a compensable degree within the first post-service year. 38 C.F.R. §§ 3.307, 3.309(a). Organic diseases of the nervous system, including sensorineural hearing loss, are considered by VA to be chronic diseases. 38 C.F.R. § 3.309 (a); Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013). 
For VA compensation purposes, impaired hearing will be considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.
In this case, the Veteran contends that he is entitled to service connection for a bilateral hearing loss disability caused by in-service noise exposure while serving in the Navy. In a September 2017 written statement, the Veteran wrote that his job required him to work in the ship’s laundry, which was underneath the runways where aircraft would take off and land, as well as on deck loading and unloading supplies. He wrote that he did not wear hearing protection while performing either function. 
The evidence of record shows that the Veteran has bilateral hearing loss sufficient to establish impaired hearing for VA purposes. A March 2018 VA examination report shows that the Veteran’s auditory thresholds in both meet the first requirement of service connection, a current disability. 
However, the evidence does not support a finding that the Veteran’s bilateral hearing loss is etiologically related to active service. The Veteran’s service treatment records (STRs) include several in-service audiograms which show that pure tone thresholds were within normal limits for VA purposes during active service and at discharge. STRs also include a March 1975 treatment note showing the Veteran had his ears irrigated for redness and inflammation but are otherwise silent for ear or hearing related complaints or treatments.
VA treatment records show recent treatment for hearing loss. In his December 2017 initial audiometric evaluation, the Veteran reported bilateral, longstanding hearing loss which was first identified about six years prior. He reported in-service noise exposure from steam machinery and catapults while serving in the laundry. He denied civilian noise exposure, tinnitus, otalgia, vertigo, and a family history of hearing loss.
The Veteran was afforded a VA examination in March 2018. The Veteran reported that while in the Navy, he worked in the ship’s laundry, “which was a noisy room” and occasionally on the ship deck. He denied using hearing protection. The Veteran also reported noise exposure while shooting during basic training and denied any post-service noise exposure. The Veteran reported a decline in hearing in both ears “over the last 20 years.” He reported difficulty differentiating sounds and problems hearing in places with background noises, like restaurants. He reported having to ask his grandchildren to repeat what they say and needing to turn up the television while at home. The examiner concluded that the Veteran’s current hearing loss was less likely than not related to military service because his military occupational specialty (ship serviceman) had a low probability of hazardous noise exposure, and because the Veteran’s in-service audiograms showed no positive threshold shift during service.
The Veteran underwent a private audiological examination in May 2018. The Veteran reported a history of noise exposure while serving in the Navy, including artillery during basic training, regularly working alongside loud steam presses in the laundry room for hours at a time on ship, working regularly in a room just under large, loud pressure catapults on the ship, as well as retrieving supplies directly from aircraft on the deck of the ship, all without hearing protection. He denied post-service noise exposure and reported working as an engineer at a desk. He also denied exposure to head or neck radiation, head trauma, ear trauma, or family history of hearing loss. The examiner concluded that given the Veteran’s “self-disclosed history” and test results, “noise exposure from his time serving in the military is more likely than not the cause for his hearing loss.”
Overall, after considering the evidence of record under the laws and regulation as set forth above, the Board concludes that the Veteran is not entitled to service connection for a bilateral hearing loss disability. Though the Veteran reported significant in-service noise exposure, his in-service audiograms showed normal hearing and no positive threshold shift. Moreover, the Veteran himself reported a hearing loss onset of six years ago during his December 2017 initial audiometric examination, and an onset of 20 years ago during his March 2018 VA examination—either way, decades after discharge from active service. As the Veteran has not reported chronicity of hearing loss symptomatology since discharge or within one year thereof, the provisions of 38 C.F.R. § 3.303 (b), 3.307, 3.309 discussed above, do not provide for a grant of service connection in this case.
In reaching this decision, the Board has considered the Veteran’s lay testimony connecting his hearing loss with in-service noise exposure. However, while the Veteran is competent to report his exposure to loud noise in service, as well as symptoms and history of treatment, he has not been shown capable of making medical conclusions on complex issues such as the nature and etiology of his bilateral hearing loss. See Charles v. Principi, 16 Vet. App. 370, 374-75 (2002). The Board has also considered the conclusions of the private audiologist, who concluded that the Veteran’s hearing loss was related to active service. While the private audiologist is certainly competent to make medical conclusions, the conclusions in this case were based on the Veteran’s subjective reports of in-service noise exposure and hearing loss; there is no indication that she reviewed critical objective evidence like the Veteran’s STRs in general or in-service audiogram results in particular. 
Ultimately, the Board finds the March 2018 VA examiner’s opinion to be the most probative evidence of record concerning the nature and etiology of the Veteran’s hearing loss disability, and this opinion ultimately outweighs the Veteran’s contentions in this regard. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Layno v. Brown, 6 Vet. App. 465 (1994). The probative value of medical opinion evidence is based on the medical expert’s personal examination of the patient, the expert’s knowledge and skill in analyzing the data, and the medical conclusion the expert reaches. As is true with any piece of evidence, the credibility and weight to be attached to these opinions are within the province of the Board as adjudicator. Guerrieri v. Brown, 4 Vet. App. 467 (1993). In this case, the examiner who performed the March 2018 VA examination reviewed the Veteran’s claims file, examined the Veteran in person, and relied on her medical training, skill, and accepted medical principles in reaching conclusions supported by a detailed rationale. Additionally, her opinion is consistent with the evidence of record.
Therefore, based on the foregoing, the Board finds that entitlement to service connection for a bilateral hearing loss disability is not warranted.
 
L. CHU
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD G. T. Raftery, Associate Counsel